IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERVIN LAMONTE HOLLOMAN, | ) | |
|     Plaintiff, | ) | Case No. 7:23-cv-00358 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| VIRGINIA DEPARTMENT OF | ) | Chief United States District Judge |
| CORRECTIONS, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Ervin Lamonte Holloman, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Virginia Department of Corrections ("VDOC") and the Commonwealth of Virginia. Holloman complains of events that allegedly occurred at Keen Mountain Correction Center in April and June 2023. Prior to filing this action, Holloman filed at least three actions that were dismissed for failure to state a claim upon which relief may be granted.[1] Therefore, under the three-strikes provision of the Prison Litigation Reform Act, Holloman may not proceed with this action unless he either prepays the entire filing fee or shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of § 1915(g) "requires that the 'imminent danger' exist contemporaneously when the action is filed." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). Thus, to trigger the exception to the three-strikes provision, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical

---

[1] See Holloman v. Va. Dep't of Corr., No. 7:22-cv-00478 (W.D. Va. Dec. 5, 2022); Holloman v. Va. Dept of Corr., No. 7:22-cv-00674 (W.D. Va. Feb. 17, 2023); Holloman v. Va. Dep't of Corr., No. 7:23-cv-00117 (W.D. Va. Apr. 11, 2023).

injury at the time of filing." Id. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)." Johnson v. Warner, , 272 (4th Cir. 2006).

Holloman's complaint does not contain any allegations that would support a finding that he is in imminent danger of serious physical injury. Holloman alleges that the VDOC committed a "breach [of] classification" by placing him in general population on April 28, 2023, after Holloman had previously advised the Chief of Housing and Programs that he would "not be entering general population" and that he would "only be applying for [an interstate transfer under the Interstate Corrections Compact]." ECF No. 1 at 2. Holloman further alleges that the VDOC deliberately disabled the water supply and electricity in his cell on June 11, 2023, but that a correctional officer "fixed [the] cycle of water and electrical power" the following day. Id. Although he uses the terms "reckless misconduct" and "hazardous negligence" in describing the actions taken by correctional officials, he does not allege that he suffered any physical injury as a result of the officials' actions, much less that he faces an imminent risk of serious physical injury. Consequently, his allegations are insufficient to satisfy the imminent-danger exception.

Because Holloman has not prepaid the filing fee or demonstrated that he "is under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g).[2] An appropriate order will be entered.

---

[2] Even if Holloman had satisfied the requirements of § 1915(g), his federal civil rights complaint would be subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks and citation omitted). Holloman has been advised on multiple occasions that neither the Commonwealth of Virginia nor the VDOC is a "person" subject to liability under the statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (agreeing that a state agency is "not a 'person' within the meaning of the statute").